IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

BARRY P. GRASS,

       Plaintiff,

v.                                Case No. 2:05-cv-00496

EASTERN ASSOCIATED COAL CORP.
and DR. NOHL A. BRAUN,

       Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Dr. Nohl A. Braun's Motion to Dismiss (docket sheet document # 4).  This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Barry P. Grass (hereinafter "Plaintiff") was employed by Eastern Associated Coal Corp. (hereinafter "Eastern") at its Harris No. 1 Mine.  He was represented for collective bargaining purposes by the International Union, United Mine Workers of America (hereinafter "the Union"), and the terms and conditions of his employment were governed by the  National Bituminous Coal Wage Agreement of 2002 (hereinafter "the Wage Agreement").  On or about May 22, 2003, Plaintiff was notified that he had been suspended, subject to discharge, for missing two consecutive days of work,

after having been released to return to work by his treating
physician, Dr. Nohl A. Braun, following a lengthy medical leave of
absence. (# 15, Ex. B).

By letter dated June 2, 2003, Plaintiff was informed that his
employment had been terminated, pursuant to Article XXIV of the
Wage Agreement. (Id., Ex. A at 279-80). Pursuant to Article XXIII
of the Wage Agreement, Plaintiff, who was represented by the Union,
filed a grievance alleging that he had been discharged without just
cause and seeking reinstatement, lost wages, and benefits. (Id.,
Ex. C). Eastern denied the grievance. On January 24, 2005, the
Union withdrew the grievance prior to reaching arbitration on the
issue. (Id.)

Plaintiff filed a letter-form complaint in the Circuit Court
of Boone County on May 20, 2005. The complaint alleged that
Eastern had wrongfully terminated Plaintiff and had denied him
Sickness and Accident ("S&A") benefits. The complaint further
alleged that the termination occurred as a result of the incorrect
advice of Dr. Braun, and that Plaintiff wished to file a medical
malpractice claim against Dr. Braun.

The complaint also names Karen Grass, Plaintiff's wife, and
James, Jennifer, and Michael Grass, Plaintiff's children, as
plaintiffs. During a status conference on November 15, 2005, the
undersigned learned that Plaintiff's children were all of the age
of majority at the time the events in the complaint arose. Thus,

Mrs. Grass and the children are required to sign the complaint on their own behalf in order to proceed as plaintiffs herein.  They have not done so.  Accordingly, the undersigned proposes that the presiding District Judge **STRIKE** these individuals as plaintiffs herein.  The Clerk is directed to modify the docket accordingly.

Plaintiff's complaint states:

EACC fired me for missing 2 days work after they received a letter from Dr. Braun stating I was able to return to work.  But he never let me know his position or gave me a return to work slip.  In the step # 2 part of the grievance, Dr. Braun tried to reverse himself and tell the company that I was still disabled and a patient of his.  So there is a deadlock [-] the Union said return me to work, and the company said fire me.

I have since changed Dr's and picked up a psychologist that I had before I was forced to drop because of no income or benefits.  This co. & doctor has cause[d] me many lost things.  I lost my house, and I was sued over my car.  And me and my family were so ashamed of using food stamps they would not stay in the store at check out time.  I have been off from work since July of 2001 but I wasn't fired until May of 2003.  After the first yr. my benefits ran out and I could not longer go to the Dr. or psychologist because of no ins. or the lack of funds.  The president of our UMWA local finally told me I needed to apply for a disabled miner's card, which they took their time in letting me know about this.  EACC also denied me $12,000 of S&A benefits I was due to[o] but she said I missed the deadline by 2 days. [But if I was [unconscious] they would have paid it.  But I was sick with Major Depression and anxiety.  I was to[o] sick to realize about a time limit.]

With the lack of medicine I have suffered over the time I have suffered damage to my memory and my nerves which puts in doubt my ability to return to work.  I am 48 years old now and I had planned to work until I was 55, at that time, I would be entitled to my pension.  The last I was working I was making $70,000 a yr.

3

> When my wife and I first saw Dr. Braun after I was
> fired he said to us that it sounded like someone had set
> me up.

(# 1 at 6-7).

On June 20, 2005, Eastern removed the case to this federal court on the basis that Plaintiff's wrongful termination claim was preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and that Plaintiff's claim concerning denial of his benefits was governed by the Employee Retirement Income Security Act of 1974 ("ERISA), 29 U.S.C. § 1001 et seq. (# 1 at 1-3).  Dr. Braun consented to the removal.  (# 3).

Prior to the removal, Dr. Braun had filed a Motion to Dismiss the medical malpractice claim against him on the basis that Plaintiff failed to comply with the pre-filing requirements set forth in the West Virginia Medical Professional Liability Act ("MPLA"), W. Va. Code § 55-7B-6, and for failure to state a claim upon which relief would be granted under the MPLA.  (# 4).

On November 15, 2005, a status conference was held in this matter.  Plaintiff and counsel for the defendants attended in person.  During the conference, Plaintiff indicated that he was disabled and had been awarded Social Security Disability benefits. Plaintiff further stated that the reason the Union did not pursue his grievance to arbitration was because it believed that Plaintiff was unable to return to work.

The undersigned explained to Plaintiff that his wrongful discharge claim was preempted by section 301 of the LMRA, and that in order to successfully bring a claim thereunder, Plaintiff must also sue the Union for failure to pursue his grievance through arbitration.  Plaintiff stated that he did not wish to sue the Union, and the undersigned further explained that the time for filing such a lawsuit had already run.

The undersigned set deadlines for a response and reply to Dr. Braun's Motion to Dismiss, and further set deadlines for the filing of a Motion to Dismiss or Motion for Summary Judgment by Eastern, and a response and reply thereto.  (# 12).  On November 29, 2005, Eastern filed a Motion for Partial Summary Judgment (# 15), which will be separately addressed.

Plaintiff has not filed a response to Dr. Brahn's Motion to Dismiss.  The deadline for filing such a response has passed and the motion is now ripe for consideration.

## ANALYSIS

As stated above, Dr. Braun's motion asserts that Plaintiff failed to comply with the pre-filing requirements of the MPLA, and that Plaintiff's complaint fails to state a claim thereunder. Specifically, Dr. Braun's motion states:

> 2.    The complaint states it is a "medical malpractice suit" against Dr. Braun.  Complaint at p. 1, ¶2 (the Complaint is attached as Ex. 1).  These allegations bring this action under the coverage of the MPLA because it applies to all "medical professional liability actions" which are defined

5

to include "*any liability for damages* resulting from the death or injury of a person *for any tort or breach of contract* based on health care services rendered, or which should have been rendered, by a health care provider or health care facility to a patient."   W. Va. Code § 55-7B-2(i)(emphasis added).

3. Since this action is governed by the MPLA, the Plaintiff had a mandatory obligation to comply with its pre-filing requirements.  West Virginia Code § 55-7B-6(a) states "no person may file a professional liability action against any health care provider without complying with the provisions of this section." Section 55-7B-6(b) provides that plaintiff must serve a Notice of Claim upon the health care provider at least thirty days prior to the filing of a medical professional liability action.  Along with the notice of claim, the plaintiff must also file a Screening Certificate of Merit which must be executed under oath by a health care provider qualified as an expert under the West Virginia Rules of Evidence, and must state: (1) the expert's familiarity with the applicable standard of care at issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death.

4. In this case, the Plaintiff failed to send Notice of Claim and Certificate of Merit to Dr. Braun. Accordingly, since this violates West Virginia Code § 55-7B-6(b), the Plaintiff's complaint must be dismissed.

5. Additionally, the Plaintiff's complaint fails to state a claim upon which relief can be granted under the MPLA.  The MPLA requires Plaintiff to plead and prove (1) the standard of care, (2) that the health care provider failed to follow the standard of care and (3) that the failure to provide the standard of care was the proximate cause of the injury.  West Virginia Code § 55-7B-3. The Plaintiff's complaint does not allege any of these mandatory elements, and therefore fails to state a claim under the MPLA.

(# 4 at 1-2).[1]

Dr. Braun's Memorandum in Support of his Motion to Dismiss further asserts that "[t]he facts alleged in the complaint suggest the act of malpractice was Dr. Braun's decision to release the plaintiff to return to work.  Since the complaint makes a tort claim arising from health care services - the treatment and related decisions made by Dr. Braun - it is governed by the MPLA.  Ex. 1 at ¶ 2.  Because the MPLA applies to Dr. Braun, the Plaintiffs were required to comply with its pre-suit requirements before filing suit against Dr. Braun."  (# 6 at 3-4).  In the memorandum, Dr. Braun cites to several cases in which the complaints were dismissed for failure to comply with the pre-filing requirements of section 55-7B-6.  See State ex rel. Miller v. Stone, 607 S.E.2d 485 (W. Va. 2004); Redden v. Purdue Pharma, L.P., Case No. 5:03-cv-02222 (S.D. W. Va. 2003)(motion to dismiss granted because no notice and certification provided); Stanley v. USA, 321 F. Supp. 2d 805 (N.D. W. Va. 2004); Williams v. Fresenius Medical Care, Case No. 3:03CV27 (N.D. W. Va. 2004) (# 6 at 4-5).

"For purposes of a motion to dismiss, the Complaint must be construed in a light most favorable to the plaintiff and its allegations taken as true.  Only when it appears that the plaintiff

---

[1]   Dr. Braun's motion also asserts that he was improperly served with process.  However, in light of the undersigned's proposed finding that Plaintiff's complaint against Dr. Braun must be dismissed under the MPLA, the undersigned will not address this issue.

could prove no set of facts in support of [his] claim which would entitle [him] to relief should the motion be granted." Brock & Davis Co. v. Charleston Nat'l Bank, 443 F. Supp. 1175 (S.D. W. Va. 1977). Dr. Braun asserts that these requirements apply whether the plaintiff is alleging medical negligence or an intentional tort. See Gray v. Mena, No. 32507, 2005 WL 3199383 (W. Va., Nov. 30, 2005)(clarifying that MPLA applies to any torts arising from health care services rendered or not rendered)(# 19 at 1-2).

Although Plaintiff's claim against Dr. Braun is vague, the undersigned proposes that the presiding District Judge **FIND** that the claim concerns liability for damages resulting from a tort based upon health services rendered or which should have been rendered and, consequently, it is governed by the MPLA. W. Va. Code § 55-7B-2(i).

Consequently, Dr. Braun has properly asserted that Plaintiff's claim against him is subject to the Notice of Claim and Certificate of Merit requirements. W. Va. Code § 55-7B-6(b). The undersigned proposes that the presiding District Judge **FIND** that Plaintiff has failed to comply with those requirements, and that his complaint must be dismissed as a result of that failure.

Furthermore, Plaintiff's complaint fails to identify any applicable standard of care, fails to allege that Dr. Braun breached the standard of care, and fails to allege that the breach proximately caused his injury, as required by West Virginia Code §

55-7B-3.  Dr. Braun's Memorandum in Support of his Motion to Dismiss asserts as follows:

> Aside from the broad pronouncement that Dr. Braun committed medical malpractice by releasing the plaintiff to return to work, the complaint does not allege a violation of a standard of care, or facts that would lead to such a conclusion.  As a physician treating claimants under the West Virginia Workers' Compensation Act, Dr. Braun properly reported Mr. Grass's treatment and condition to the workers' compensation commission [footnote omitted] and to his employer.  West Virginia Code §23-3-7(b).  All the complaint alleges, then, is that Dr. Braun made a report he was required to make.

> Moreover, the complaint fails to sufficiently allege causation.  The complaint states Mr. Grass's failure to appear for work resulted in his termination by Eastern. The termination was apparently the subject of a grievance procedure, which upheld the termination (indeed, the complaint also suggests the plaintiff's union is at fault for failure to represent him).  Based on the facts in the complaint, there is simply no basis to connect Dr. Braun's conclusion that Mr. Grass could return to work with Mr. Grass losing his job because he didn't return to work.

(# 6 at 7-8).

The undersigned agrees that Plaintiff's complaint fails to sufficiently allege a deviation of any standard of care by Dr. Braun, or that any such deviation was the proximate cause of Plaintiff's injury, namely his termination.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's complaint fails to state a claim under the MPLA.

For these reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Dr. Nohl A. Braun's Motion to Dismiss (# 4).

9

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals.  Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and counsel of record.

January 31, 2006
Date

Mary E. Stanley
United States Magistrate Judge

10