```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**BARRY P. GRASS, KAREN L. GRASS,
JAMES L. GRASS, JENNIFER L. GRASS
and MICHAEL R. GRASS,**

      Plaintiffs

v.                                                    Civil Action No.: 2:05-0496

**EASTERN ASSOCIATED COAL CORP.
(Peabody Coal) and DR. NOHL A.
BRAUN,**

      Defendants


## MEMORANDUM OPINION AND ORDER

This matter is before the court on the Proposed Findings and Recommendation of United States Magistrate Judge Mary E. Stanley, filed on January 31, 2006.

The magistrate judge first recommends striking plaintiff Barry Grass' family members – his wife Karen Grass and his three children, James, Jennifer, and Michael Grass, all of whom were of the age of majority before the complaint was filed – as plaintiffs herein because each has not signed the pro se complaint on his or her own behalf. No objection having been filed thereto, the magistrate judge's recommendation in this

respect is adopted and it is accordingly ORDERED that named plaintiffs Karen L. Grass, James L. Grass, Jennifer L. Grass, and Michael R. Grass be, and each hereby is, dismissed from this action.

I.

Rule 72(b) of the Federal Rules of Civil Procedure provides in part that, once a magistrate judge has entered a recommendation for the disposition of a matter that is dispositive of a claim of a party,

> [w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within 10 days after being served with a copy thereof. The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Under this rule, the court is to consider de novo any portion of the magistrate judge's recommendation to which specific written objection has been made. See Fed. R. Civ.

P. 72(b), Advisory Committee Notes (explaining that the district judge to whom the case is assigned is to make a de novo determination "of those portions of the report, findings, or recommendations to which timely objection is made;" where no timely objection is filed, "the court need only satisfy itself that there is no clear error on the face of the record"); see also Keating v. Secretary of Health and Human Services, 848 F.2d 271, 275 (1st Cir. 1988) (finding that an objection to certain portions of a magistrate judge's report does not preserve all the objections one may have and, absent objection, the district court may assume that the claimant acquiesced to the remaining portions of the recommendation); see generally Thomas v. Arn, 474 U.S. 140, 149 (1985) ("The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.")

## II.

The magistrate judge next finds that the complaint should be dismissed as to Dr. Braun because the plaintiff has failed to comply with the pre-filing requirements set forth in the West Virginia Medical Professional Liability Act, W.Va. Code

3

§ 55-7B-6, and because plaintiff's complaint fails to state a claim under that statute as to Dr. Braun.  She recommends the court grant Dr. Braun's motion, filed June 10, 2005, to dismiss the claims against him.

Plaintiff Barry Grass filed, on February 13, 2006, a letter addressed to the Clerk.  This letter likely was prompted by the magistrate judge's having informed the parties, by notice dated January 31, 2006, that they must file any objections to her proposed findings and recommendation within ten days plus three days for service by mailing.  In his letter, plaintiff for the first time purports to file an "answer" to Eastern's motion for partial summary judgment filed November 29, 2005, and respond to Dr. Braun's motion to dismiss filed June 20, 2005, as well as voice exception to the magistrate judge's recommendation.  The text of his letter in its entirety follows:

> In answer to Eastern's motion for partial summary judgment (#15).  Dr. Braun asked for dismissal of the medical malpractice claim against him.
>
> Because plaintiff (me) failed to comply with the pre-filing requirements set forth in the WVa Medical Professional Liability Act ("MPLA"), WVa Code § 55-7B-6 and for failure to state a claim upon which relief would be granted under the MPLA.  (#4.)
>
> It has also been stated that my wrongful discharge against Eastern was preempted by

section 301 of the LMRA.  To sue I would also must sue the Union for not seeing the grievance through arbitration.  Stopd (<u>sic</u>; stopped?) at step(2.)

On 11/15/05 we had a status conference and <u>during</u> the before said conference I was informed about having to sue the Union, I was not aware of this fact (the Union said nothing about this to me. (No wonder!)

As to EACC claim above and Dr. Braun's claim they are using (no's) of past claims I have no knowledge of these.

I'm a disabled coal miner and not a phil. lawyer.

I asked the court of Judge Mary E. Stanley to appoint a court ordered lawyer.  She <u>immediately</u> turned me down.

I have been trying for months to try to hire my own attorney, with no sucess (<u>sic</u>).

As for the complaint that I have not stated a claim upon which relief would be granted under the MPLA (#4) My claim I am now stating is for my claim for almost 5 yrs. of my life that all I and family have been through is $500,000.00 and for Eastern Coal and Dr. Braun split any and all court costs.  And any other fees I am not aware of.

   Signed this 2/11/06
   /s/ Barry P. Grass

P.S.  As for the Certificate of Merit Notice of Claim I went and seen Dr. David Clayman.  He charges 2-3000.00 and the patient must pay.  So he referred me to another Dr., who has not answered my request for a appointment, as of this date.

> I would like this suit to been scheduled with Judge Copenhaver. as soon as possible so we can get it on over with. I have to go to OSU University for medical treatment.

(Pl. Letter)(emphasis in original).

### III.

Based on this letter filed by plaintiff, no written objection, specific or otherwise, has been filed. Even if plaintiff could be said to be objecting to the failure of the magistrate judge to appoint counsel for him, the objection is without merit. A district court is authorized by 28 U.S.C. § 1915(d) to appoint counsel. The United States Court of Appeals for the Fourth Circuit has said, "The power to appoint is a discretionary one, but it is an abuse of discretion to decline to appoint counsel where the case of an indigent plaintiff presents exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). The determination of "whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Id. There is no indication here that plaintiff is indigent, nor do there exist apparent exceptional circumstances.

Plaintiff filed, in the form of a letter dated December 13, 2005, a motion for appointment of counsel. The magistrate judge denied this motion without prejudice by order dated December 15, 2005. The order stated that the case filings to that date showed that plaintiff had the "capacity to present the claim" and that he possessed a "basic understanding of the legal procedures to be followed." The magistrate judge indicated that she would reconsider plaintiff's motion for appointment of counsel if an evidentiary hearing was conducted. In reviewing the court's docket, it appears that plaintiff has indeed shown an ability to comply with the court's requirements and has meaningfully presented his position to the court. In particular, the court notes that plaintiff's complaint clearly states that he claims he was "fired for missing [two] days work after [defendant Eastern] received a letter from Dr. Braun stating [he] was able to return to work. But [Dr. Braun] never let [plaintiff] know or gave [him] a return to work slip."

It further appears that plaintiff understood that he had a responsibility to comply with the pre-filing requirements, at least upon receipt of the magistrate judge's December 13th order denying plaintiff's motion for appointment of counsel. To that order was attached a copy of W.Va. Code § 55-7B-6, provided

in response to plaintiff's inquiries of the magistrate judge, which sets forth the prerequisites for filing an action against a health care provider.  In his February 13th letter to the Clerk, plaintiff did not plead ignorance or misunderstanding of those provisions.  Instead, his letter offers that he has failed to secure an appointment with a doctor who could complete the required documentation.  Plaintiff appearing capable of understanding, as the magistrate judge found, the legal procedures to be followed, there appears to be no error in the magistrate judge's denial, without prejudice, of plaintiff's motion for appointment of counsel.

## IV.

The magistrate judge recommended dismissal of plaintiff's claims against Dr. Braun, first, because plaintiff failed to comply with the pre-filing requirements of the West Virginia Medical Professional Liability Act, and, second, because plaintiff's complaint fails to state a claim against Dr. Braun upon which relief can be granted.  Plaintiff has not objected to the magistrate judge's findings in these respects.

8

> The MPLA requires that
>
>> [a]t least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation.  The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit.  The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia Rules of Evidence, and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. . . .

W.Va. Code § 55-7B-6(b).  But if a plaintiff believes his cause of action is "based upon a well-established legal theory of liability" that would not require supporting expert testimony "the claimant or his counsel shall file a statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit." W.Va. Code § 55-7B-6(c).

9

Dr. Braun argued in his motion to dismiss that plaintiff "claims Eastern received a letter from Dr. Braun, [plaintiff's] treating psychiatrist, stating that he was able to return to work" and that plaintiff's cause of action as to Dr. Braun is based on the doctor's having "diagnosed him as able to return to work." (Def. Mem. at 2.) On this ground, says Dr. Braun, plaintiff has stated that he wishes to maintain a "malpractice" suit against the doctor. (Def. Mot. at 2; see Compl. at 1.) But this is not a complete characterization of plaintiff's claims. The complaint states:

> [Eastern] fired me for missing 2 days work after they received a letter from Dr. Braun stating I was able to return to work. <u>But he never let me know his position or gave me a return to work slip.</u> In the step #2 part of the grievance Dr. Braun tried to reverse his self and tell the company that I was still disabled and a patient of his. So there is a deadlock the Union said return me to work and the co. said fire me.

(Compl. at 1, emphasis supplied.)

It appears that plaintiff is asserting that Dr. Braun had a duty to inform the plaintiff that he was released to return to work, and that Dr. Braun failed to do so. Plaintiff's complaint seems to state a claim for breach of fiduciary duty. The West Virginia Supreme Court has held that "a fiduciary relationship exists between a treating physician and a claimant in a workers' compensation proceeding." <u>Morris v. Consolidation</u>

10

Coal Co., 446 S.E.2d 648, 654 (W.Va. 1994).  Nevertheless, such a claim probably falls under the MPLA inasmuch as the Act states that it encompasses "any tort."  Gray v. Mena, 625 S.E2d 326, 330 (W.Va. 2005).

Dr. Braun states that as plaintiff's treating psychiatrist (Def. Mem. at 2), "treating claimants under the West Virginia Workers' Compensation Act, [he] properly reported [plaintiff's] treatment and condition to the [W]orkers' [C]ompenation [C]ommission and to [p]laintiff's employer"[1] (Def. Mem. at 8).  But he does not maintain that he also informed plaintiff of the release, and this seems to be the crux of the complaint.  In this regard, a legitimate claim is discernible under the Act.  That is, plaintiff has asserted that a reasonable health care provider would have informed plaintiff that he was released to return to work prior to informing his employer, but Dr. Braun failed to do so, and as a result of that failure, plaintiff did not report for duty when expected by his employer and was terminated.

---

[1]  In Morris, the state court said that a workers' compensation claimant's return-to-work date is not confidential information which a treating physician is prohibited from divulging to third parties.  Morris, 446 S.E.2d at 654.  The issue here, however, is whether Dr. Braun told Eastern that plaintiff was released to work, but did not inform plaintiff of the release.

11

Upon determining that the MPLA applied to plaintiff's cause of action, the magistrate judge found that plaintiff did not meet the pre-filing requirements of W.Va. Code § 55-7B-6, and recommended that the claim be dismissed on that ground.  There is no dispute that plaintiff did not provide a notice of claim or screening certificate of merit to Dr. Braun at least thirty days prior to the filing of his action.  Such notice should "include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent."  (W.Va. Code § 55-7B-6(b).)  It is quite possible that no screening certificate would be necessary here because the theory of liability may be "based upon a well-established legal theory of liability which does not require expert tesimony supporting a breach of the applicable standard of care."  (W.Va. Code § 55-7B-6(c).)  If such be the case, plaintiff need only "file a statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit."  (W.Va. Code § 55-7B-6(c).)  Nevertheless, plaintiff is not shown to have provided the notice of claim, and he filed neither a screening certificate of merit nor a statement of alleged liability as described by the Act.

Courts have shown a willingness to consider dismissal "an unduly harsh remedy" where a plaintiff showed a good faith basis for believing that the MPLA did not apply to his case, or where he otherwise made a good faith attempt at compliance. See Gray, 625 S.E.2d 326; Cooper v. Appalachian Regional Healthcare, Inc., 2006 WL 538925 (S.D.W.Va. 2006; C.J. Faber). Neither circumstance is present here. Plaintiff characterized his claim as one for "mal-practice" with the filing of his complaint, and he later was supplied a copy of the applicable statute as an attachment to the magistrate judge's December 13th order. Even upon receipt of that copy, he attested only that he was unable to bear the cost associated with procuring an expert opinion. (Pl. February 13th letter at 2.) Plaintiff made no attempt to file a statement of alleged liability as he may have been permitted by the Act, or to otherwise clarify or explain his claims. Under these circumstances, plaintiff has indeed failed to comply with the pre-filing requirements of the MPLA. Whether the plaintiff is able to state a claim on which relief can be granted as to Dr. Braun need not be addressed.

V.

It is accordingly ORDERED that the findings made in the Proposed Findings and Recommendation of the magistrate judge be, and the same hereby are, adopted insofar as the magistrate judge found that plaintiff failed to comply with the pre-filing requirements of the MPLA. It further is ORDERED that defendant Dr. Nohl A. Braun's motion to dismiss be, and it hereby is, granted and the plaintiff's claim against Dr. Braun is dismissed without prejudice.[2]

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and the United States Magistrate Judge.

DATED: March 23, 2006

John T. Copenhaver, Jr.
United States District Judge

---

[2] Eastern's motion for partial summary judgment remains pending for further proceedings before the magistrate judge.