UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


BARRY P. GRASS,

      Plaintiff

v.                                  Civil Action No.: 2:05-0496

EASTERN ASSOCIATED COAL LLC,

      Defendant


MEMORANDUM OPINION AND ORDER

       This matter is before the court on the Proposed
Findings and Recommendation of United States Magistrate Judge
Mary E. Stanley, filed on May 11, 2006, recommending that the
court grant both of defendant's motions for partial summary
judgment, one filed November 29, 2005, on plaintiff's wrongful
discharge claim and the other filed March 1, 2006, on plaintiff's
sickness and accident benefits claim.

       In the November 29th motion, defendant asserts, and the
magistrate judge found, that plaintiff's claim for wrongful
discharge is preempted by section 301 of the Labor Management
Relations Act, 29 U.S.C. § 187, and that plaintiff has failed to
exhaust the grievance process required by the collective

bargaining agreement.  In the March 1st motion, defendant asserts, and the magistrate judge found, that plaintiff's claim for wrongful denial of sickness and accident benefits is preempted by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1144(a) and 1132(a), and that plaintiff failed to exhaust his remedies under the plan's internal claims review procedures.  Defendant further argued that plaintiff's claim for benefits was untimely.

Plaintiff requested, by letter-form motion filed May 18, 2006, an extension of time to file objections to the recommendation.  The request for extension was granted by order entered May 25, 2006.  Plaintiff forwarded to the court his objections by letter dated May 30, 2006, and received in chambers on June 1, 2006.  It appearing that a copy of the objections was not filed with the Clerk of Court, it is ORDERED that plaintiff's correspondence, consisting of three pages, be, and it hereby is, filed.

I.

Rule 72(b) of the Federal Rules of Civil Procedure provides that "[w]ithin 10 days after being served with a copy of

2

the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." Plaintiff's objections are not specific as contemplated by that rule, other than to imply that he missed a 21-day time limit in which to seek sickness and accident benefits because "[w]hen you are having mental issues you have no conception of time." (Obj. at 1.) That objection was fully dealt with by the magistrate judge in her proposed findings and recommendation because the plaintiff in his complaint had alleged that he was sick with major depression and anxiety and was too "sick to realize about a time limit." (Compl. at 2.)

Otherwise, the objections simply express his general dissatisfaction with the court, the magistrate judge, the defendant and his union and complains of the court's failure to give him a jury trial and appoint a lawyer for him, referring to issues addressed and fully resolved by the court in its order entered March 23, 2006. Inasmuch as the objections do not raise issues related to the magistrate judge's findings on the wrongful discharge claim, the court adopts the magistrate judge's Proposed Findings and Recommendation on the November 29th motion regarding plaintiff's claim for wrongful discharge and denies that claim.

II.

A portion of the objections, however, requires
attention with respect to plaintiff's claims for wrongful denial
of sickness and accident benefits, which he says in his complaint
amounted to $12,000.  Plaintiff suggests that he was unable to
comply with the 21-day filing requirement of his plan because he
was mentally ill.  (Obj. at 1).

Defendant's sickness and accident benefits plan ("the
plan") requires that eligible employees give the employer written
notice of disability, including certification by a licensed
physician if requested by the employer, within 21 days of the
first date of disability.[1]  (Benefit Plans for UMWA Represented
Employees of the Peabody Companies Pursuant to the NBCWA of 1998
§ III(e) (1998) (hereinafter cited as "Plan at ___")).  The plan
further provides:

> If, however, the Employee is unable to give such notice
> within the 21-day period due solely to physical
> incapacitation and notice ·is subsequently given by the
> Employee when his physical condition improves

_____

[1]Defendant originally submitted the version of the plan and
CBA effective January 1, 2002.  As noted by the court in an
August 15, 2006, order, plaintiff filed his application for
sickness and disability benefits in 2001.  On August 25, 2006,
defendant filed the 1998 plan and CBA that govern the plaintiff's
claim.  The court has, accordingly, used those controlling
documents in resolving plaintiff's claim.

4

> sufficiently to allow him to give such notice or have
> it furnished by someone else on his behalf, this 21-day
> limitation will not apply.

(<u>Id.</u> (emphasis supplied)).  This provision for the 21-day requirement also is included verbatim in its entirety in Article XI(e) of the collective bargaining agreement ("CBA").  (<u>National Bituminous Coal Wage Agreement</u>, Art. XI(e) (1998) (hereinafter cited as ("CBA at ___")).

Plaintiff's claim for benefits, dated August 27, 2001, is marked as received by defendant September 12, 2001.  (Claim, attached as Exh. C to Def. March 1, 2006, Mot., at 1-2.) According to the form, plaintiff had last worked on July 24, 2001.  (<u>Id.</u> at 2.)  The attending physician, Dr. Nohl Braun, completed the form on September 4, 2001, indicating that plaintiff was "continuously totally disabled" from July 17th through July 19th.[2]  (<u>Id.</u> at 2.)  This claim for benefits was not received within the 21-day period prescribed by the plan, and it is not suggested that plaintiff's failure to comply with the 21-day requirement was based on "physical incapacitation".

---

[2]     The three days of total disability provided on the claim form by Dr. Braun appear inconsistent with plaintiff's claim that he is entitled to disability benefits in the amount of $12,000.  The court notes, however, that plaintiff's employment was not terminated for nearly two years after submission of the claim form.

According to defendant, plaintiff's employment was terminated by letter dated June 2, 2003, "[f]ollowing a lengthy period of absence from work" and after plaintiff "had been suspended subject to discharge for missing two consecutive days of work after having been released to return to work by his physician." (Mem. in Supp. of Def. March 1, 2006, Mot. at 3.) Defendant asserts that plaintiff grieved his termination[3], but that the grievance did not challenge the denial of benefits. (Id.)  Both the plan and the collective bargaining agreement include the following:

> The Employer or his insurance carrier shall have the right to take reasonable steps to investigate the factual aspects of an Employee's claim, including examination of the Employee by a physician at the Employer's or carrier's expense, in the event of a dispute over medical evidence.  A dispute unresolved after such investigation shall be subject to resolution at the fourth step of the grievance procedure as set forth in Article XXIII (Settlement of Disputes). . . .

(CBA at 85; Plan at 131.)

The court understands plaintiff's argument to be that his failure to timely file for sickness and accident benefits, and his further failure to exhaust administrative remedies with regard to the denial of benefits, should be excused by equitable tolling.  The United States Court of Appeals for the Fourth

---

[3]     Plaintiff's union withdrew the grievance prior to arbitration.

6

Circuit has explained the concept of equitable tolling in ERISA

cases:

> If available . . . equitable tolling would restore a
> claimant's right to review even though [he] otherwise
> would be time-barred. But "[f]ederal courts have
> typically extended equitable relief only sparingly."
> Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96,
> 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). The rarity of
> our resort to equity does not spring from miserliness.
> Rather, equitable tolling "must be guarded and
> infrequent, lest circumstances of individualized
> hardship supplant the rules of clearly drafted
> statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th
> Cir.2000). Equitable tolling, while rare, does allow
> for exceptions to the strict enforcement of deadlines.
> Such exceptions are narrow. . . . Equitable tolling has
> been permitted "where the claimant has actively pursued
> his judicial remedies by filing a defective pleading
> during" the limitations period. Irwin, 498 U.S. at 96,
> 111 S.Ct. 453. . . . Equitable tolling has also been
> appropriate "where the complainant has been induced or
> tricked by his adversary's misconduct into allowing the
> filing deadline to pass." Id.

Gayle v. United Parcel Service, Inc., 401 F.3d 222, 226 (4th Cir.

2005). In Gayle, our court of appeals declined to apply the

doctrine of equitable tolling to the plaintiff's claim where a

law firm retained by her failed to file a first-level

administrative appeal with plaintiff's plan, holding that

"attorney negligence does not justify equitable tolling." Gayle,

401 F.3d at 227.

Based on the circuit court's extensive discussion of

the equitable tolling doctrine in the Gayle case, that doctrine

may be applied to relieve a claimant from time limits specified in an ERISA plan only under rare circumstances. Our court of appeals has noted elsewhere that federal courts generally apply equitable tolling based on a plaintiff's asserted mental state "only in cases of profound mental incapacity." U.S. v. Sosa, 364 F.3d 507, 513 (4th Cir. 2004)(petition under 28 U.S.C. § 2255) citing Grant v. McDonnell Douglas Corp., 163 F.3d 1136, 1138 (9th Cir. 1998)(application of equitable tolling appropriate only in "exceptional circumstances, such as institutionalization or adjudged incompetence").

As noted, the plaintiff, first, failed to timely file his claim for sickness and accident disability benefits and, second, failed to file a grievance in relation to the denial of those benefits under the terms of the plan and the CBA.

The certificate of Dr. Braun that accompanied plaintiff's late filed claim sets forth his diagnosis in its entirety as follows: major depression, single episode, moderate. In view of the specific terms of both the ERISA plan and the CBA for sickness and accident benefits, each of which excuse tardy filing only for physical incapacitation, plaintiff's diagnosis does not rise to the level of exceptional circumstances required in this setting for equitable tolling.

8

The findings made in the Proposed Findings and Recommendation of the magistrate judge are adopted by the court with respect to defendant's March 1, 2006, motion for partial summary judgment on plaintiff's claim for sickness and accident benefits and, for the further reason set forth herein, the court ORDERS that the claim be, and it hereby is, dismissed without prejudice.

### III.

It is accordingly ORDERED that defendant's motions for partial summary judgment filed on November 29, 2005, and March 1, 2006, be, and each hereby is, granted.  It is further ORDERED that this action be, and it hereby is, dismissed but without prejudice to such right, if any, as plaintiff may have to exhaust administrative remedies.

The Clerk is directed to forward copies of this written opinion and order to the pro se plaintiff, all counsel of record and the United States Magistrate Judge.

DATED: August 28, 2006

John T. Copenhaver, Jr.
United States District Judge

9